UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PREMIUM LEISURE, LLC,

       Plaintiff,

v.                                    Case No.  8:08-cv-1048-T-24 EAJ

GULF COAST SPA
MANUFACTURERS, INC.,

       Defendant.
_____/

## ORDER

This cause comes before the Court on Premium Leisure's Motion to Strike Affirmative

Defenses (Doc. No. 14) and Motion to Dismiss Counterclaim (Doc. No. 13).  Gulf Coast Spa

Manufacturers, Inc. ("Gulf Coast") opposes the motions.  (Doc. No. 23).

## I.  Background

Both Premium Leisure and Gulf Coast are competitors that manufacture and distribute

spas nationwide.  Premium Leisure alleges in its complaint (Doc. No. 1) that as part of its

marketing campaign, Gulf Coast sent a letter to its nationwide network of dealers that contained

false and misleading statements about Premium Leisure.  Therefore, Premium Leisure asserts a

false advertising claim under § 43(a) of the Lanham Act against Gulf Coast.

In response, Gulf Coast asserted several affirmative defenses, as well as a three-count

counterclaim against Premium Leisure.  (Doc. No. 11).  Specifically, Gulf Coast alleges that it

previously had a business relationship with Hydro Spa Parts and Accessories, Inc. ("Hydro

Spa"), whereby Hydro Spa manufactured spas for Gulf Coast and shipped them directly to Gulf

Coast's exclusive distributors.  Hydro Spa was owned in part by Brian Wiley, and Hydro Spa

had no independent knowledge of Gulf Coast's exclusive dealers prior to its relationship with Gulf Coast.  Hydro Spa and Gulf Coast entered into an agreement in which Hydro Spa agreed not to disclose or use Gulf Coast's private information for its own benefit or the benefit of any other person after the termination of the agreement.

In 2007, Hydro Spa filed for bankruptcy, and Premium Leisure (whose sole member is Brian Wiley) purchased the assets of Hydro Spa.  Gulf Coast contends that Premium Leisure and Brian Wiley have used Gulf Coast's exclusive and confidential customer list, which Brian Wiley was privy to and aware of only in connection with his prior employment and ownership interest in Hydro Spa, in order to contact and solicit Gulf Coast's exclusive dealer network.  Therefore, Gulf Coast asserts three claims against Premium Leisure and Brian Wiley: (1) tortious interference with Gulf Coast's business relationships, (2) violation of Florida's Deceptive and Unfair Trade Practices Act, and (3) violation of Florida's Uniform Trade Secrets Act.

## II.  Premium Leisure's Motion to Dismiss Counterclaim

Premium Leisure moves to dismiss all three claims asserted against it based on lack of subject matter jurisdiction.  Specifically, Premium Leisure argues that the Court lacks an independent basis for subject matter jurisdiction over these counterclaims, and as such, these counterclaims must be dismissed.  It is undisputed that the Court does not have federal question or diversity jurisdiction over Gulf Coast's counterclaims.  However, Gulf Coast argues that the counterclaims are compulsory (which do not require an independent basis for subject matter jurisdiction), or alternatively, if the counterclaims are permissive, the Court has supplemental jurisdiction over them.  The Court rejects Gulf Coast's arguments.

### A.  Compulsory Counterclaims

"[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).  Courts automatically have supplemental jurisdiction over compulsory counterclaims.  See Robinson v. Roofs, Structures & Management, Inc., 2007 WL 4468695, at *2 (M.D. Fla. Dec. 18, 2007)(citations omitted).  In determining whether a defendant's claim is a compulsory counterclaim, Federal Rule of Civil Procedure 13(a) provides the standard.  Specifically, Rule 13(a) provides that a counterclaim is compulsory if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.

The Eleventh Circuit uses the "logical relationship" test in order to determine whether a claim is compulsory.  See id.; Hutton v. Grumpie's Pizza and Subs, Inc., 2008 WL 1995091, at *2 (S.D. Fla. May 7, 2008).  Under the logical relationship test, a claim is compulsory if the same operative facts serve as the basis of both claims or the aggregate core of facts upon which the claim rests activates additional legal rights, which are otherwise dormant, in the defendant. See U.S. v. Aronson, 617 F.2d 119, 121 (5th Cir. 1980)(citation omitted).

In the instant case, Gulf Coast's counterclaims are not compulsory, because they do not arise out of the transaction or occurrence that is the subject matter of Premium Leisure's false advertising claim.  This is because the same operative facts do not serve as the basis of both Premium Leisure and Gulf Coast's claims.  Premium Leisure's claim is based on statements

3

allegedly made by Gulf Coast in letters it sent to its dealers.  Gulf Coast's claims, on the other hand, are based on whether Premium Leisure has used Gulf Coast's confidential customer list. The Court rejects Gulf Coast's argument that the claims are compulsory based on Gulf Coast's belief that Premium Leisure found out about the letter Gulf Coast sent due to Premium Leisure's solicitation of Gulf Coast's customers from its confidential customer list.  Since the Court finds that Gulf Coast's claims are not compulsory, the Court does not automatically have subject matter jurisdiction over them.

### B.  Permissive Counterclaims

Since Gulf Coast's counterclaims are not compulsory, they are, by definition, permissive. Prior to 1990, the Eleventh Circuit's position on subject matter jurisdiction over permissive counterclaims was clear–federal courts could not consider permissive counterclaims unless there was an independent jurisdictional basis.  See East-Bibb Twiggs Neighborhood Assoc. v. Macon Bibb Planning & Zoning Commission, 888 F.2d 1576, 1578 (11th Cir. 1989).  However, in 1990, 28 U.S.C. § 1367 was created, which codified the judicially crafted doctrines of ancillary and pendent jurisdiction.  The Eleventh Circuit has not spoken on the issue of whether permissive counterclaims still require an independent jurisdictional basis.

Many district courts within the Eleventh Circuit, including this Court, have concluded that permissive counterclaims still require an independent jurisdictional basis.  See, e.g., Hutton, 2008 WL 1995091, at *2; Robinson, 2007 WL 4468695, at *2; Mercer v. Palm Harbor Homes, Inc., 2005 WL 3019302, at *1 (M.D. Fla. Nov. 10, 2005).  Other courts have either declined the invitation to address the issue or have found that they may exercise supplemental jurisdiction over permissive counterclaims that fall within § 1367(a).  See Barr v. Hagan, 322 F. Supp.2d

1280, 1284 (M.D. Ala. 2004); <u>Nelson v. CK Nelson, Inc.</u>, 2008 WL 2323892, at *2 n.4 (S.D. Fla.

June 2, 2008); <u>Weitzman, LLC v. Micro Computer Resources, Inc.</u>, 2007 WL 744649, at *4

(S.D. Fla. Mar. 6, 2007); <u>Bakewell v. Federal Financial Group, Inc.</u>, 2006 WL 739807, at *2

(N.D. Ga. Mar. 21, 2006).

As explained above, this Court has previously found that permissive counterclaims still

require an independent jurisdictional basis.  However, even if the Court considered whether the

permissive counterclaims in this case fell within § 1367(a), the answer would remain the same,

because Gulf Coast's counterclaims are not so related to Premium Leisure's claims that they

form part of the same case or controversy.  Accordingly, the Court finds that it lacks subject

matter jurisdiction over Gulf Coast's counterclaims, and as such, they must be dismissed without

prejudice.

### C.  Effect on Counterclaims Against Brian Wiley

This Court's finding that it lacks subject matter jurisdiction over Gulf Coast's

counterclaims against Premium Leisure applies equally to Gulf Coast's counterclaims against

Brian Wiley, since the counterclaims are the same.  Yesterday, Brian Wiley filed a motion to

dismiss the counterclaims for the same reasons that were set forth by Premium Leisure.  Even

though Gulf Coast has not had an opportunity to respond to Brian Wiley's motion, the Court will

grant the motion due to the Court's lack of subject matter jurisdiction over the counterclaims.

### III.  Motion to Strike Affirmative Defenses

Gulf Coast asserts several affirmative defenses against Premium Leisure's claim.  These

defenses include: (1) failure to state a claim, (2) unclean hands, (3) estoppel, (4) failure to

mitigate damages, and (5) waiver.  Premium Leisure moves to strike these defenses, arguing that

the bare-bones assertion of these defenses fails to comply with the pleading requirements of Federal Rule of Civil Procedure 8(a).  Gulf Coast responds that the defenses are properly pled, but if the Court disagrees, it requests leave to amend.

The first affirmative defense at issue states that Premium Leisure has failed to state a claim.  This is a denial of Premium Leisure's claim, rather than an affirmative defense.  <u>See</u> <u>Home Management Solutions, Inc. v. Prescient, Inc.</u>, 2007 WL 2412834, at *3 (S.D. Fla. Aug. 21, 2007).  As such, the Court will treat it as a denial and not strike it.  <u>See</u> <u>id.</u>

With regards to the remaining four affirmative defenses at issue, the Court agrees that they are deficient.  Affirmative defenses must comply with the pleading requirements of Rule 8(a).  <u>See</u> <u>id.</u> at *2; <u>Larson v. Correct Craft, Inc.</u>, 2005 WL 1902438, at *1 (M.D. Fla. Aug. 8, 2005); <u>Morrison v. Executive Aircraft Refinishing, Inc.</u>, 434 F. Supp.2d 1314, 1318 (S.D. Fla. 2005).  If an affirmative defense consists of nothing more than bare-bones allegations, it must be stricken.  <u>See</u> <u>Morrison</u>, 434 F. Supp.2d at 1318; <u>Microsoft Corp. v. Jesse's Computers & Repair, Inc.</u>, 211 F.R.D. 681, 684 (M.D. Fla. 2002).  Since these four affirmative defenses consist merely of one sentence assertions with no factual support, the Court will strike them.  However, the Court will grant Gulf Coast leave to amend these affirmative defenses.  <u>See</u> <u>Microsoft</u>, 211 F.R.D. at 684.

## IV.  Conclusion

Accordingly, it is ORDERED AND ADJUDGED that:

(1)      Premium Leisure's Motion to Strike Affirmative Defenses (Doc. No. 14) is

**GRANTED** to the extent that the Court strikes Gulf Coast's affirmative defenses of unclean hands, estoppel, failure to mitigate damages, and waiver.  However,

Gulf Coast is granted leave to amend these affirmative defenses, and must file such amended defenses by September 5, 2008.

(2)     Premium Leisure's Motion to Dismiss Counterclaim (Doc. No. 13) is **GRANTED**, and Gulf Coast's counterclaims against Premium Leisure are **DISMISSED WITHOUT PREJUDICE** due to lack of subject matter jurisdiction.

(3)      Brian Wiley's Motion to Dismiss Counterclaim (Doc. No. 24) is **GRANTED**, and Gulf Coast's counterclaims against Brian Wiley are **DISMISSED WITHOUT PREJUDICE** due to lack of subject matter jurisdiction.

**DONE AND ORDERED** at Tampa, Florida, this 21st day of August, 2008.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record

7